IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ALICE TAYLOR, | * | |
| DEXTER ASH, | * | |
| DONICE CHAPPELL, III, | * | |
| CHRISTINE JOHNSON, | * | CIVIL ACTION FILE NO. |
| BRANDON MALDONADO, | * | |
| JUSTIN WEARE, | * | |
| CHARLES ANDRE THOMAS | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | JURY TRIAL DEMANDED |
| v. | * | |
| | * | |
| BIG LOTS STORES, INC. and, | * | |
| GARY BOATWRIGHT, individually, | * | |
| | * | |
| **Defendants** | | |

## COMPLAINT

Plaintiffs Alice Taylor, Dexter Ash, Donice Chappell, III, Christine Johnson, Brandon Maldonado, Justin Weare and Charles Andre Thomas, hereby file their Complaint against Big Lots Stores, Inc., ("Big Lots") an Ohio Corporation, and Gary Boatwright, individually, and allege as follows:

INTRODUCTION

1.

Plaintiff, Alice Taylor, was an employee of Defendant Big Lots Stores, Inc., ("Big Lots"), at all times relevant to this Complaint.

1

2.

Plaintiff, Dexter Ash, was an employee of Defendant Big Lots Stores, Inc., ("Big Lots"), at all times relevant to this Complaint.

3.

Plaintiff, Donice Chappell, III, was an employee of Defendant Big Lots Stores, Inc., ("Big Lots"), at all times relevant to this Complaint.

4.

Plaintiff, Christine Johnson, was an employee of Defendant Big Lots Stores, Inc., ("Big Lots"), at all times relevant to this Complaint.

5.

Plaintiff, Brandon Maldonado, was an employee of Defendant Big Lots Stores, Inc., ("Big Lots"), at all times relevant to this Complaint.

6.

Plaintiff, Justin Weare, was an employee of Defendant Big Lots Stores, Inc., ("Big Lots"), at all times relevant to this Complaint.

7.

Plaintiff, Charles Andre Thomas, was an employee of Defendant Big Lots Stores, Inc., ("Big Lots"), at all times relevant to this Complaint.

8.

At all times material to this Complaint, Plaintiffs performed non-exempt

labor duties on behalf of Big Lots Stores, Inc.

9.

Plaintiffs have been employed by Big Lots for various times and some are currently still employed by Big Lots and have continued to work for Big Lots during such time.

10.

Based on the information preliminarily available, and subject to discovery in this cause, Big Lots did not compensate Plaintiffs, and those similarly situated employees of Big Lots, for all overtime hours worked in excess of forty (40) hours per week during all times relevant to this Complaint.

JURISDICTION AND VENUE

11.

The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims based on 28 U.S.C. § 1367.

12.

Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Big Lots' plant facilities where Plaintiffs worked are located in this

district, Big Lots regularly conducts business in this district, Big Lots' wage and hour plans, policies and practices were established and, have been administered in this district. Big Lots has violated the FLSA from its store location in this district, at all times relevant to this Complaint, Gary Boatwright was the Store Manager, and was/is responsible for establishing and administering Big Lots' wage and hour plans, policies and practices in this District at all times material to this Complaint.

PARTIES

13.

Defendant Big Lots Stores, Inc. is an Ohio Corporation with its principal executive office located at 300 Phillipi Road, Columbus, Ohio 43228. According to the Georgia Secretary of State, Big Lots Stores, Inc. may be served through its registered agent for service of process in Georgia: Corporation Service Company, 40 Technology Parkway South, Suite 300, Ben Hill, Norcross, GA, 30092.

14.

Defendant Gary Boatwright is an adult individual who, upon knowledge and belief at times relevant to this Complaint, was a resident of the State of Alabama, and has been the Store Manager of Big Lots in Columbus, Georgia and was the first-line decision maker for all adverse employment events affecting Plaintiffs.

15.

Gary Boatwright may be served with process at 9156 U.S. HWY 29 N.,

Cusseta, Alabama 36852.

16.

Plaintiffs are adult resident citizens of either the states of Alabama or Georgia and are currently or have previously been employed by Big Lots Stores as Assistant Managers or Team Leads at Big Lots in Columbus, Georgia and/or other Big Lots Stores in Alabama and Georgia, at all times relevant to this Complaint.

ALLEGATIONS

17.

Plaintiffs were employed by Defendants at the following times and tenures at Store # 1461:

a. Alice Taylor             April 13, 2015 – August 23, 2016

b. Dexter Ash               Sept. 30, 2015 – August 23, 2016

c. Donice Chappell, III     Sept. 2014 - April 7, 2016

d. Christina Johnson        Oct. 2015 – still employed by Big Lots

e. Brandon Maldonado        Jan. 1, 2014 - March, 2016

f. Justin Weare             Jan. 1, 2014 – still employed by Big Lots

g. Charles Andre Thomas     Feb. 5, 2015 – still employed by Big Lots.

18.

Big Lots is a discount retailer with approximately 1,500 stores operating in 48 states. At all times relevant to this suit, Big Lots has operated a retail discount

store at 5300 Sidney Simons Blvd., Suite 32, Columbus, GA 31904.

19.

At all times relevant hereto, Plaintiffs reported to Gary Boatwright, Store Manager of Big Lots Store #1461 in Columbus, Georgia.

20.

Plaintiffs' primary job duties included: selling merchandise, unloading and stocking merchandise, assembling merchandise, managing inventory and accounts, operating cash registers and completing sales transactions, cleaning the store, preparing displays and in-store advertising.

21.

Plaintiffs were paid an hourly rate of pay by Big Lots.

22.

Plaintiffs were non-exempt employees under the FLSA.

23.

Big Lots was required to pay Plaintiffs time and one-half their regular rate of pay for all hours worked in excess of 40 hours per workweek.

24.

Plaintiffs regularly worked in excess of 40 hours per workweek. However, Plaintiffs were not paid corresponding overtime compensation for each and every hour worked in excess of 40 hours per workweek because of Big Lots' policy/plan

6

for Plaintiffs and/or Plaintiffs' managers to underreport Plaintiffs' actual hours worked.

25.

Part-time workers regularly worked off the clock and did not receive minimum wage for their labor.

26.

Big Lots provided full-time Plaintiffs with a thirty-minute lunch break which was not compensated time. Plaintiffs were routinely interrupted during their lunch period and asked to assist customers or lost their lunch breaks altogether because of demands made upon them in connection with warehouse responsibilities.

27.

Plaintiffs were not allowed to "clock in" before assisting customers during their assigned lunch break. Management at Store #1461 was aware, and many times demanded, that Plaintiffs work "off-the-clock," or suffered them to do so during their assigned lunch breaks.

28.

Defendants docked Plaintiffs for taking a full lunch break regardless of whether or not they were interrupted to perform other duties.

29.

Big Lots, through its managers on duty, frequently required Plaintiffs and

other employees to work "off-the-clock."

30.

Plaintiffs were required to clean the store and straighten the merchandise in the store before and after their shifts.

31.

Plaintiffs were not assigned a specific amount of hours. Defendant Boatwright told them he wanted stock put up and out regardless of how it got done.

32.

Boatwright told Plaintiffs that he wanted to be a successful store, *i.e.* one that met performance metrics, and those on his team would do what it took and be "team players," *i.e.* taking the time required to perform a task without recording overtime worked or, in the case of part-time personnel, hours outside those allocated to them.

33.

Boatwright told Plaintiffs that those who were not "team players" would not remain employed by Big Lots.

34.

Plaintiff Ash, though officially titled Assistant Team Leader in Merchandising, did all that other team members did the preponderant majority of his time, not really engaging in much management, did no scheduling, hiring,

firing or disciplining of employees.

35.

Though paid as, and classified as, a manager for the private ends of Big Lots, Ash was not a manager, was non-exempt and was entitled to overtime compensation.

36.

Plaintiff Taylor, though officially titled DTS Lead (Dock to stock), did all that other team members did the preponderant majority of her time, not really engaging in much management, she did no scheduling, hiring, firing or disciplining of employees.

37.

Though paid as, and classified as, a manager for the private ends of Big Lots, Taylor was not a manager, was non-exempt and was entitled to overtime compensation.

38.

Plaintiffs did not, except in rare instances, take a lunch break. Boatwright keyed in lunchtime for the stockers as if they took the time.

39.

With respect to part-time personnel, Boatwright did not allow pay for all hours worked, as he was provided a budget by Big Lots and insisted they be

clocked out once those hours were reached, regardless of whether or not they were still working in the store.

40.

Defendant Boatwright knew of the violations of the FLSA because he directly made them happen or suffered them to happen.

41.

Tom Nichols, District Manager, knew or should have known of the FLSA violations because he was familiar with the labor requirements associated with retail operations. He frequently, in the presence of Plaintiffs, commented to Boatwright about so many visible people on payroll.

42.

To a large extent, the career metrics imposed on Nichols as District Manager are directly related to the achievement of metrics and profitable achievement of the goal-related and budget-driven targets of the stores in his District.

43.

Plaintiffs allege "willful" FLSA violations by Big Lots and Boatwright and seek back wages, liquidated damages, legal fees, costs and all other available remedies as a result of Big Lots' violations of the FLSA.

## CONTROLLING LEGAL RULES

44.

The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked in excess of 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

45.

The FLSA generally requires that an employer employing an employee must compensate the employee for hours worked "at a rate not less $7.25 per hour." 29 U.S.C. § 206(a)(1)(C).

46.

"Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

47.

"[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; accord *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

48.

The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee …." 29 U.S.C. § 207(e).

49.

With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; accord *Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); see also *Johnson v. Big Lots Stores, Inc.,* 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

50.

Failing to pay the required minimum wage for hours worked or overtime premium for hours worked in excess of 40 per workweek is a violation of the FLSA. 29 U.S.C. § 216.

51.

FLSA. 29 U.S.C. § 216 (b) provides, "Damages: right of action, any employer who violates the provisions of § 6 or § 7 of this Act (29 U.S.C.S. §§ 206 or 207) shall be liable to the employee or employees, affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

## FLSA CLAIMS

52.

Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

53.

All conditions precedent to this suit, if any, have been fulfilled.

54.

At all relevant times, Big Lots was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

55.

At all relevant times, Big Lots has been an enterprise engaged in commerce under the FLSA, 29 U.S.C. § 203(s)(1)(A).

56.

During the time period relevant to this lawsuit, Plaintiffs worked as assistant managers and/or sales representatives in Big Lots' Columbus, Georgia store.

57.

Plaintiffs were paid an hourly rate of pay by Big Lots.

58.

Plaintiffs regularly worked in excess of 40 hours per seven-day workweek as employees of Big Lots during the time period relevant to this lawsuit.

59.

Plaintiffs were entitled to overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in each and every workweek. 29 U.S.C. § 207(a)(1).

60.

Big Lots was required to pay Plaintiffs time and one-half their regular rates of pay for all hours worked in excess of 40 hours in a seven-day workweek.

61.

Big Lots failed to pay Plaintiffs overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in each and every seven-day workweek during the time period relevant to this lawsuit.

62.

Big Lots failed to part time Plaintiffs minimum wage for all hours worked in in each and every seven-day workweek during the time period relevant to this lawsuit.

63.

Big Lots' violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a).

64.

Plaintiffs seek all damages available for Big Lots' failure to timely pay all

overtime and minimum wages due.

Wherefore, Plaintiffs respectfully pray as follows:

## DAMAGES AND PRAYER

Plaintiffs ask that they be awarded a judgment against Big Lots and Gary Boatwright for the following:

a. Actual damages in the amount of unpaid overtime wages and unpaid minimum wage;

b. Liquidated damages under the FLSA;

c. Pre-judgment and post-judgment interest;

d. Costs;

e. Reasonable attorney's fees; and

f. All other relief to which Plaintiffs are justly entitled.

This the 13th day of June, 2017.

/S/ *John W. Roper*
John W. Roper
Georgia Bar No. 614159

The Roper Law Firm
The Corporate Center
233 12th Street, Suite 602
Columbus, Georgia 31901
706-596-5353-phone
706-596-5383-fax
johnroper@roperlaw.com